UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BCP MANAGEMENT, LLC**
**as Trustee for 11717 81st Place**
**Land Trust,**

    Plaintiff,

v.                                        Case No. 8:21-cv-276-AAS

**DEUTSCHE BANK NATIONAL**
**TRUST COMPANY as Trustee, on**
**Behalf of the Registered Holders of**
**GSAMP Trust 2005-HE3, Mortgage**
**Pass-Through Certificates, Series**
**2005-HE3,**

    Defendant.
_____/

**ORDER**

Deutsche Bank National Trust Company (Deutsche) moves to quash service of process and vacate the Clerk's default against it. (Doc. 6). BCP Management, LLC (BCP) opposes Deutsche's request (Doc. 21) and also moves for a stay of adjudication of Deutsche's motion so BCP can conduct discovery about the sufficiency of service (Doc. 24).[1] Deutsche opposes BCP's request to

---

[1] BCP's response and motion fail to comply with the Middle District of Florida's Local Rule on font type and size. *See* Local Rule 1.08(a), M.D. Fla. (listing acceptable font types and sizes). The court could have denied BCP's motion for failure to comply with the Local Rules, but the court will address the merits of the motion. As a reminder, the revisions to the Middle District of Florida's Local Rules took effect on February

1

stay adjudication. (Doc. 27).

I.   **BACKGROUND**[2]

On October 19, 2020, BCP sued Deutsche under the Florida RICO statute in Florida state court in Brevard County. (Doc. 1, Ex. 6). Before this litigation, Deutsche, as trustee, engaged in a foreclosure action against BCP on the property at 11717 81st Place, Seminole, Florida. (Doc. 6, pp. 7–8). That litigation led to a consent final judgment of foreclosure based on the parties' written settlement agreement. (*Id.* at p. 8; Doc. 6, Exs. 10, 11, 12).

On October 22, 2020, the state court issued the summons in the underlying state litigation. (*See* Doc. 1, Ex. 9). On October 29, 2020, BCP returned an affidavit of service indicating it served CT Corporation (CT). (Doc. 1, Ex. 1). The process server noted "Per security desk [personnel] who present directions for new alternative address, the respondent Deutsche Bank of 60 Wall Street NY NY has directions to continue to serve process at CT Corp . . . as no one currently is present in the building who is authorized to accept legal

---

1, 2021. *See Local Rules*, https://www.flmd.uscourts.gov/local-rules. Going forward, the parties must strictly comply with the Local Rules.

[2] Although Deutsche and BCP provide extensive background facts in both motions and responses, the undersigned includes only information relevant to these two specific motions. The undersigned also considered the supplemental authorities provided by both sides and is aware of the many similar actions in other federal courts in Florida. (*See* Doc. 12, Ex. 1).

papers." (*Id.*). After the attempted service, CT sent a letter to BCP to explain that CT was not the registered against for Deutsche and could not forward the papers. (Doc. 6, Ex. 1).

Even though BCP received the letter from CT, BCP successfully moved for Clerk's default in state court on November 23, 2020. (*See* Doc. 1, Ex. 1). BCP also moved for Final Summary Judgment after Default[3] on the same day it moved for Clerk's Default. (Doc. 1, Ex. 8.). In mid-December 2020, Deutsche learned about the state court lawsuit and moved to quash service and vacate the default. (*See* Doc. 6, Ex. 2; Doc. 1, Ex. 1).

On February 2, 2021, Deutsche removed the action from state court. (Doc. 1). In compliance with the Local Rules, Deutsche moves to quash service and vacate the default. (Doc. 6). BCP opposes Deutsche's motion to quash service on the ground that service was proper and removal was untimely. (Doc. 21). BCP asks the court to stay adjudication of Deutsche's motion to allow jurisdictional discovery as to the sufficiency of the service of process on Deutsche. (Doc. 24). Deutsche opposes BCP's request for jurisdictional discovery. (Doc. 27).

---

[3] When a case is removed to the Middle District of Florida, the Local Rules require any pending motions filed in state court to be filed in federal court in compliance with the Local Rules. Local Rule 1.06(c), M.D. Fla. Because BCP did not refile its motion for default judgment within twenty-one days of removal, the motion was denied without prejudice.

## II. ANALYSIS

### A. Motion to Stay Adjudication of Pending Motion

BCP moves to stay the adjudication of Deutsche's motion to quash service and vacate Clerk's default. (Doc. 24). BCP requests to conduct discovery on the sufficiency of service by (1) issuing a subpoena duces tecum to CT; and (2) allowing BCP to depose Deutsche's corporate representative. (*Id.*).

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "[F]ederal courts have the power to order, at *their discretion*, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (emphasis added).

"The Eleventh Circuit recognizes a qualified right to conduct jurisdictional discovery." *Blue Water Innovations, LLC v. Vevazz, LLC*, No. 6:20-cv-774-Orl-78DCI, 2020 WL 6828950, at *4 (M.D. Fla. Oct. 29, 2020). Jurisdictional discovery can help "if the jurisdictional question is genuinely in dispute." *Eaton*, 692 F.2d at 729 n.7. But the plaintiff "must provide the Court with some showing establishing the need for jurisdictional discovery." *Freedom Sci., Inc. v. Optelec U.S., Inc.*, No. 8:11-cv-1654-T-27EAJ, 2012 WL 13106301, at *5 (M.D. Fla. Jan. 27, 2012). "A plaintiff's request for jurisdiction discovery

must set forth the specific information sought that will establish jurisdiction." *Blue Water Innovations, LLC*, 2020 WL 6828950, at *4.

BCP requests this discovery to support its position that it properly served Deutsche because CT was Deutsche's agent for procuring service. (Doc. 24, p. 2). But discovery on a speculative agency relationship between CT and Deutsche will not change that service of process must comply with Florida law. As discussed below, BCP did not serve Deutsche as required by Florida law. Compliance with statutes governing service of process must be strictly enforced. Thus, BCP has not established a need for jurisdictional discovery.[4]

### B. Motion to Quash Service and Vacate Clerk's Default

Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and thus has no power to render

---

[4] The timing of BCP's motion suggests BCP is trying to prevent the court from quashing service, like this district has done in similar litigations between the plaintiff's law firm and Deutsche. *See, e.g.*, *YHT and Associates, Inc. v. Deutsche Bank Nat'l Tr. Co.*, Case No. 3:21-cv-50-TJC-JBT, Doc. 24 (M.D. Fla. Apr. 15, 2021); *Herbert v. Deutsche Bank Nat'l Tr. Co.*, Case No. 8:21-cv-626-SPF, Doc. 18 (M.D. Fla. Apr. 6, 2021); *Decoursy v. Deutsche Bank Nat'l Tr. Co.*, Case No. 8:21-cv-630-WFJ-JSS, Doc. 31 (M.D. Fla. Mar. 31, 2021); *Haulsee v. Deutsche Bank Nat'l Tr. Co.*, Case No. 8:21-cv-349-SDM-JSS, 2021 WL 1220759 (M.D. Fla. Mar. 30, 2021); *LP Assets, LLC v. Deutsche Bank Nat'l Tr. Co.*, Case No. 8:21-cv-338-SDM-CPT, 2021 WL 940515 (M.D. Fla. Mar. 12, 2021); *Kenny v. Deutsche Bank Nat'l Tr. Co.,* Case No. 2:21-cv-9-SPC-NPM, 2021 WL 778877 (M.D. Fla. Mar. 1, 2021); *3417 70th Glen E. Land Tr. v. Deutsche Bank Nat'l Tr. Co.*, Case No. 8:20-cv-3090-VMC-AEP, 2021 WL 672700 (M.D. Fla. Feb. 22, 2021); *Hahn v. Deutsche Bank Nat'l Tr. Co.*, Case No. 8:21-cv-39-WFJ-TGW, Doc. 13 (M.D. Fla. Jan. 22, 2021).

judgment over that defendant. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). But where service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to reserve the defendant." *Edwards-Conrad v. S. Baptist Hosp. of Florida, Inc.*, No. 3:13-CV-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013) (citation omitted). The burden is on the plaintiff to establish proper service of process when challenged. *Kelly v. Fla.*, 233 F.R.D. 632, 634 (S.D. Fla. 2005), *aff'd*, 233 F. App'x 883 (11th Cir. 2007).

State law controls whether service is valid because this case was removed from state court. *See Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019); *Abundant Life Homes, LLC v. Deutsche Bank National Co*, No. 4:21-cv-53-AW-MAF, 2021 WL 958568, at *2 (N.D. Fla. Mar. 12, 2021). Thus, Florida law controls service in this case. "Statutes governing service of process must be strictly construed and enforced." *Koster v. Sullivan*, 160 So. 3d 385, 388 (Fla. 2015). Florida law requires that service on financial institutions comply with Section 655.0201. Fla. Stat. § 48.092.

Florida law "establishes the proper location for service of process upon a financial institution for all types of service of process to be made on a financial institution." Fla. Stat. § 655.0201(1). Additionally, Florida law provides a financial institution that transacts business in Florida "*may* designate with

6

the Department of State a place or registered agent located within the state." Fla. Stat. § 655.0201(2) (emphasis added). Only if the financial institution does not have a registered agent, then service of process can be made "to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state." Fla. Stat. § 655.0201(3)(a).

In a sworn affidavit by Deutsche's Vice President Ronaldo Reyes, Deutsche has not designated a place or registered against in Florida to accept service. (*See* Doc. 6, Ex. 2). Specifically, Mr. Reyes affirms that CT is not Deutsche's registered agent. (*Id.*). In a sworn affidavit, CT states it has never been designated the registered agent for Deutsche in New York. (Doc. 6, Ex. 1). Because Deutsche does not have a registered agent in Florida to accept service, BCP must look to the statute for alternative ways to effectuate service.

An alternative way for BCP to effectuate service is for BCP to serve either an officer, director, or agent at Deutsche's principal place of business, which is in California, or at a branch, office, or place of business in Florida. Deutsche does not have a branch, office, or place of business in Florida. (*See* Doc. 6, Ex. 2). Thus, "Florida law requires service upon [Deutsche] in California. That [Deutsche] accepted service at 60 Wall Street before March 2020 as a courtesy does not codify a change to statutes governing service."

7

*Kenny v. Deutsche Bank Nat'l Trust Co.*, No. 2:21-cv-9-SPC-NPM, 2021 WL 778877, at *3 (M.D. Fla. Mar. 1, 2021).

Since BCP failed to comply with Florida law in serving Deutsche, Deutsche's motion to quash service of process is granted. Because service was not properly effectuated, the court lacks personal jurisdiction over Deutsche. Thus, the Clerk's default entered against Deutsche is vacated. *See In re Worldwide Web Sys., Inc.*, 328 F.3d at 1299.

### III. CONCLUSION

The following is **ORDERED:**

1. BCP's Motion to Stay Adjudication of Deutsche's Motion to Quash Service and Conduct Discovery (Doc. 24) is **DENIED.**

2. Deutsche's Motion to Quash Service and Vacate Clerk's Default (Doc. 6) is **GRANTED.** Service of process improperly made on Deutsche is **QUASHED**, and the default entered against Deutsche on November 23, 2020 in state court is **VACATED**.

3. No later than **May 21, 2021,** BCP must properly serve Deutsche and file proof of service upon completion.

4. No later than **June 11, 2021**, the parties must file an amended case management report. If the parties determine a preliminary pretrial conference is still needed, the parties should indicate in

their amended case management report.

**ENTERED** in Tampa, Florida on April 21, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

9